IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARDEN CITY BOXING CLUB INC. as Broadcast Licensee of the September 13, 2003, De La Hoya/Mosely Event<br><br>*Plaintiffs*<br><br>v.<br><br>SILVIA MATA CARDENAS individually and doing business as Yellowstone Club a/k/a Yellowstone Club & Game Room<br><br>*Defendants* | CIVIL ACTION NO. H-05-3318 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff Garden City Boxing Club Inc.'s motion for summary judgment (Instrument No. 9). For the following reasons the court ORDERS that Plaintiff's motion is GRANTED.

I. <u>Facts</u>

Through an agreement with Top Rank Incorporated, Plaintiff Garden City Boxing Club Incorporated ("Garden City Boxing") gained the exclusive license to exhibit the Oscar de la Hoya v. Shane Mosley boxing match and its undercard bouts ("the event"). *See* License Agreement (Instrument No. 9, Ex. A-1). In Texas, the event was available to commercial establishments through an agreement with Garden City Boxing. Riley Affidavit at 6 (Instrument No. 9, Ex. A). Commercial establishments that entered into agreements with Garden City Boxing were charged a sublicense fee based on twenty times the maximum firecode occupancy of the commercial establishment purchasing the event. *Id.* at 8.

On 13 September 2003, David Rodriguez, an auditor employed by Garden City Boxing, was in the Yellowstone Club ("the club") in Houston, Texas. Rodriguez Affidavit

(Instrument No. 9, Ex. A-2). While there, he observed that the event was being displayed on one of the establishment's televisions; approximately thirty patrons were present. *Id.*

Defendant Silvia Mata Cardenas ("Cardenas"), an owner of the club, was the managing the establishment the night the event was displayed. *See* Admission No. 21-24 (Instrument No. 9, Ex. C). She admits that she ordered the event through a residential account and that she was not authorized to display it to the patrons of the club. *Id.* at 1-8.

On 23 September 2005, Garden City Boxing filed suit against Cardenas for infringing upon its exclusive license. On 23 November 2005, Plaintiff served Requests for admissions on Defendant. Korn Affidavit at 5 (Instrument No. 9, Ex. B). Defendant did not respond. Garden City Boxing then filed the instant motion for summary judgment. Four days later Cardenas filed a motion for continuance, requesting sixty days in which to retain counsel. On 1 March 2006, however, Cardenas filed a pleading entitled "Motion for Relief as Deemed Just and Equitable by the U.S. District Court Southern District of Texas" (Instrument No. 12). Although not styled as a response, Cardenas's motion requests that her case be allowed to go to trial. Attached to Cardenas's motion as exibits are affidavits filed by auditors in other cases filed by Garden City Boxing, a list of other cases filed by Garden City Boxing, an instruction form for completing an affidavit in an anti-piracy case, and Cardenas's September 2003 credit card statement.

II. Law

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc.*

*of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994);

*Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

III. Application of Law to the Facts

    A. Liability

Garden City Boxing has moved for summary judgment on its claims that Cardenas violated Title 47 United States Code Section 553 and Title 47 United States Code Section 605. The principle objective of these provisions is to discourage the theft of cable services. *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001). Sections 553 and 605, however, differ in one important way: Section 553 concerns communications made through coaxial cable or wire and Section 605 concerns radio communications, including satellite broadcasts. *See generally United States v. Norris*, 88 F.3d 462, 466-69 (7th Cir. 1996) (discussing the differences between the scope of 47 U.S.C. § 553(a) and 47 U.S.C. § 605(a)). The summary judgment evidence establishes that Cardenas received the event by satellite broadcast. *See* Admission No. 16 (Instrument No. 9, Ex. C). Therefore, Section 605 is the relevant provision.

Garden City Boxing has introduced evidence supporting a jury finding on every element of its claim under Section 605. Section 605 states that "[N]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." Through its request for admissions Garden City Boxing has

established every element of its claim.  *See* Requests for Admissions (Instrument No. 9, Ex. C.). These admissions are corroborated by the affidavit of David Rodriquez as well as Cardenas's statements in her pleadings.

### B. Damages

Garden City Boxing has also moved for summary judgment on the issue of damages.  Section 605 allows plaintiffs to elect either actual or statutory damages.  47 U.S.C. § 605(e)(3)(C)(i).  It further provides that "[I]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages." 47 U.S.C. § 605(e)(3)(C)(ii).  Plaintiff seeks an award of $10,000 in statutory damages and an additional $50,000 because the violation was committed willfully and for purposes of direct and indirect commercial advantage or financial gain.  In this case, the court finds that Cardenas's violation was willful and undertaken for pecuniary gain, but that it is more appropriate to increase the statutory amount of $10,000 by an additional $10,000.

### C. Attorney's Fees

Pursuant to Title 47 United States Code Section 605(e)(3)(B)(iii) Garden City Boxing is entitled to collect its Attorney's fees and costs.  Attorney Andrew Korn has submitted a detailed affidavit showing that attorneys spent ten hours working on this case. Affidavit of Andrew Korn at 3 (Instrument No. 9, Ex. B).  Based on this affidavit, Plaintiff requests a one-third contingency fee or an hourly rate of $250.  Accordingly, Garden City Boxing will be awarded attorney's fees at its hourly rate for a total of $2,500.00.

Plaintiff has also requested a prospective award of attorney's fees in the case of any appeal.  No such order is necessary.  Plaintiff may apply for additional attorney's fees as those fees are incurred.

### D. Post-Judgment Interest

       Plaintiff requests post judgment interest in the amount of 7.5%, the current bank loan prime rate. Title 28 United State Code Section 1961 specifies that post judgment interest shall accrue at "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date fo the judgment." The court sees no reason to depart from this standard.

IV. <u>Conclusion</u>

       For the aforementioned reasons, Plaintiff Garden City Boxing's motion for summary judgment (Instrument No. 9) on its claim that Defendant violated Title 47 United States Code Section 605 is GRANTED.

       Signed at Houston, Texas, this 21st day of September, 2006.

                                      _____
                                        MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE